# IN THE UNITED STATES DISTRICT COURT for the WESTERN DISTRICT OF TENNESSEE

**LOREN C. BORDERS,**

**GWYNNE H. BORDERS,**

**LEIGH ANN ROBINSON;**

Plaintiffs;

vs. **NO.** ____________
Division______

**LIBERTY MUTUAL FIRE INSUNANCE COMPANY**

Defendant.

## COMPLAINT

**Come** now the Plaintiffs, Gwynne H. Borders, pro se, and Loren C Borders, pro se, and Leigh Ann Robinson, pro se, and sues the above stated Defendant. For this cause, the Plaintiffs would show this Honorable Court the following:

### PARTIES

1.) The Plaintiff s, Gwynne H. Borders and Loren C. Borders are currently residents of the State of Tennessee residing in Cordova, Memphis, Shelby County, Tennessee. These Plaintiffs are ages 74 and 80 respectively; the Plaintiff, Leigh Ann Robinson, age 48, is the daughter, heir, and only child of Gwynne H. and Loren C. Borders and formerly a resident of Memphis, Shelby County, Tennessee, with her residence being 1310 Wells Station Road, Memphis for the period June 2008 until February 2015, and presently is employed at and a resident of Pensacola, Florida.

2.) The Defendant, Liberty Mutual Fire Insurance Company, operates out of Los Angeles, California, and out of Boston, Massachusetts, and out of St. Mary's, Florida as well as other locations within the United States. Defendant is a Massachusetts corporation which is licensed to do business in Tennessee.

**JURISDICTION**

3.) The incidents and transactions and from which this cause of action arises occurred in Shelby County, Tennessee . The Plaintiffs state that this action is timely and properly filed before this Honorable Court.

**FACTS**

4.) In the month of June 2008 the Plaintiffs, Loren C. Borders and Gwynne H. Borders, purchased a single family dwelling residence located at 1310 Wells Station Road, Memphis, Tennessee for the amount of $41,000. to provide a home for their daughter, the above stated Plaintiff, Leigh Ann Robinson. Exhibit A

5.) In June of 2008 the Plaintiffs purchased a Home Owners Insurance policy on 1310 Wells Station Road, Memphis from the Defendant to cover risk of loss on the aforesaid property, which was and is presently designated as Policy Number H3225840279470. Exhibit B

6.) The Plaintiff, Leigh Ann Robinson, resided at her home at this above stated residence fro June 2008 until February 2015 when she was transferred by her employer to work in Orange Beach, Alabama and in Pensacola, Florida. Aforesaid Plaintiff, Leigh Ann Robinson has resided at Orange Beach, Alabama and in Pensacola, Florida from February 2015 to the present date.

7.) In May of 2013 Plaintiff, Leigh Ann Robinson, during a period of her unemployment quit deeded this property in question back to her mother, Gwynne H. Borders, in order to provide that

property taxes and Home Owners insurance premiums were kept current. This arrangement was to continue during the period that Leigh Ann remained employed out of state.

8.) The Plaintiffs have paid all the home owners insurance policy premiums on time and have been current *at all times* in spite of the fact that the Defendant had seen fit to raise the premiums on this policy on occasion, and were *current* when a fire occurred upon this property on August 30, 2015.

9.) In June 2008 the Defendant had sold this Home Owners' Policy on the telephone and sent the above designated Home Owners Insurance Policy to the Plaintiffs by U.S. Mail and at no time did the Defendant send an agent or other company representative to call upon the Plaintiffs and discuss or otherwise explain any provisions or clauses in which Defendant may, could, or would deny all coverage even though the policy premiums were always kept current. Neither did the Defendant instruct or recommend to the Plaintiffs that in order to protect themselves, that a review of Defendant's Policy by an attorney was necessary or that they should seek and/or obtain coverage with a different insurance carrier.

10.) In June 2015 because of the fact that the Plaintiff, Leigh Ann Robinson, was at the time working in Florida and not residing at the residence of 1310 Wells Station Road, Plaintiffs rented the house furnished with all of Leigh Ann's furniture and belongings, at a reduced rate to one Ronnie Lee Johnson, rather than have the property to stand vacant. Mr. Johnson agreed to take care of the possessions and contents belonging to the aforesaid Plaintiffs and to paint the interior walls.

11.) Mr. Johnson lived in the residence furnished with all of the Plaintiff, Leigh Ann Robinson's belongings rent free for the months of March, April, May, and June of 2015 in exchange for house sitting and performing some minor repairs. On July 3, 2015 Mr. Johnson did pay the Plaintiffs $500.

for living in the house, and once again upon August 3, 2015 Mr. Johnson paid Plaintiffs $400. for a sum total of $900 for all of 2015. This was the sum total of the amount received by Plaintiffs, who considered that Mr. Johnson's presence inside the 1310 Wells Station Road preferable to having the house stand vacant during the period that Plaintiff, Ms. Robinson was living away while employed in Orange Beach, Alabama.

12.) On Sunday, August 30, 2015, at about 3:00 P.M. The Plaintiffs received a telephone call from a neighbor on Wells Station Road that the Memphis Fire Department was at the 1310 Wells Station Road address. Upon arriving at the address Plaintiff, Loren C. Borders spoke with the Fire Department personnel present and noted fire damage to the interior hall and living room and bedroom and smoke damage throughout the entire interior of the residence and to all of the contents.

13.) It appeared to Plaintiff, Loren C. Borders that Mr. Johnson had been painting the inside hall and had left some paint brushes and paint cans unattended for an hour while he went to buy some supplies.

14.) The Memphis Fire Department subsequently conducted an investigation into the origin of the fire and ruled it to be of unknown origin. Exhibit C

15.) The Plaintiffs promptly notified their insurance carrier, Liberty Mutual Insurance Company and met with this company adjusters and contractors which they had called in the following day, Monday, August 31, 2015.

16.) The Plaintiffs also secured repair estimates from two different independent contractors in regard to the damage to the building and to the contents. Exhibits D

17.) Liberty Mutual assigned one, Dawn Janisaitis of Montgomeryville, Pennsylvania as the adjuster for this claim which claim was assigned the designated number of 032547481 by the Defendant. Exhibit E

18.) Upon September 24, 2015 a proof of loss form was requested by the Defendant, represented by Mr. Joshua Barrett, This document form was duly provided to Defendant by the Plaintiffs. Exhibit E

19.) On or about September 1, 2015, Plaintiff, Leigh Ann Robinson, received the first of numerous. telephone calls at her place of employment in Orange Beach, Alabama from one Bruce Harrod who claimed to be an investigator employed by the Defendant to review this particular claim. On this and several subsequent occasions Mr. Harrod accused and reproached Mrs. Robinson of being involved in some long distance arson conspiracy with some unknown persons living in Memphis. Then Bruce Harrod also informed Plaintiff, Mrs. Robinson, that he, Bruce Harrod, was the sole authority that determines whether or not a claim was to be honored and that he, Harrod , would see that no restitution would be made and that her claim was quote " Headed to Court", unquote. Harrod's show of animosity was unprovoked, extreme, and totally uncalled for.

20.) Upon September 28, 2015, the Defendant, represented by the above Bruce Harrod mailed a demand addressed to Plaintiff, Gwynne H. Borders to furnish and provide records of telephone calls of the Plaintiffs from July 1, 2015 to September 1, 2015 including logs all of Plaintiff, Leigh Ann Robinson calls and texts from her place of employment in Alabama and in Florida. Exhibit F

21.) The Plaintiffs, not wishing to be accused of being uncooperative, made several trips to the family's telephone provider, in Memphis, Verizon Communications, and after some two weeks effort were able to obtain such records as requested by the Defendant and did fax these logs at Plaintiffs'

expense to Mr. Harrod at his Little Rock, Arkansas address. Exhibit F

22) Subsequent to the Defendant having obtained the above requested Verizon Communications telephone records of the Plaintiff, Leigh Ann Robinson, there were no further calls to the Plaintiffs from the Defendant's representative Mr. Harrod concerning any alleged arson conspiracy.

23) Subsequently two checks were received by the Plaintiff, Leigh Ann Robinson from the Liberty Mutual Insurance Company in the amount of $600. each with a notice that the Defendant was reimbursing her for rentals that she lost for the months of September 2015 and for October 2015 because of the fire damage to the residence which resulted in the residence being unoccupied. These two payments did and does thereby serve to acknowledge the Defendant's awareness of liability resulting from the fire loss of August 30, 2015. Exhibit G

24.) Plaintiffs have at all times been truthful in in answering all questions and inquiries of the Defendant. The Plaintiffs have at no time misled the defendant that the property at 1310 Wells Station Road was occupied in Plaintiff, Leigh Ann Robinson's absence by Mr. Ronnie Johnson. The Defendant was aware of this fact from the August 30, 2015 date of loss and the Defendant did in fact send two checks to Plaintiff, Leigh Ann Robinson in the amount of $600. each. Exhibit G

25) The Plaintiffs received a letter from the Defendant, Liberty Mutual Fire Insurance Company, dated October 13, 2015 which stated that all coverage and liability pertaining to this Home Owners Insurance Policy, No. H32-258402794-70 were denied. This letter was signed by Mr. Bruce Harrod in his capacity as "investigator". No further communication from the assigned Liberty Mutual adjuster, Ms. Dawn Janisaitis, was received by the Plaintiffs. Exhibit H

26) The Defendant, Liberty Mutual Fire Insurance Company sent a letter from Dover, New Hampshire addressed to Plaintiffs at their address in Cordova, Tennessee canceling the Home Owners Policy No. H3225840279470 in force since June 2008. This action was taken *after* the fire loss incurred on August 30, 2015 and the Defendant's letter of October 13, 2015 which stated its refusal to compensate or otherwise honor any obligation provided for under the above stated policy. Exhibit I

27) The Defendant mailed a statement to Plaintiff, Leigh Ann Robinson dated November 2015 in which a demand was made to her to pay what was styled as past due premiums for October and for November 2015 for policy No. H 3225840279470. This statement was received one month after the October 19, 2015 notice of cancellation, which further serves to indicate the confused manner in which this fire claim was handled by the Liberty Mutual Fire Insurance Company. Exhibit J

**CAUSES OF ACTION**

28) *Bad Faith Refusal to Pay* Plaintiffs adopt by reference the facts set forth in paragraphs 1—27. The refusal of the Defendant to honor the above stated Home Owners Insurance Policy constitutes a breach of contract that was entered into between Plaintiffs and the Defendant in June 2008 which was renewed between these parties in April of 2015. Exhibit B

29) Plaintiffs submit that the breach of faith of the Defendant, Liberty Mutual Fire Insurance Company, as set forth in the preceding paragraphs constitutes fraud and and caused the Plaintiffs to suffer severe financial loss.

30.) Defendant by taking the Plaintiffs money in premiums over the seven year period form June 2008 to September 2015 has subsequently denied the coverage to the Plaintiffs that Plaintiffs were led

to believe existed on their property. and which, had the Plaintiffs been aware of this bad faith, would have obtained actual coverage elsewhere from a different and more trustworthy insurance carrier.

**DAMAGES**

31) Plaintiffs adopt by reference the facts set forth in paragraphs 1—27.

Plaintiffs loss of the amounts paid to the Defendant in insurance premiums from the period of June 2008 to September 2015, $ 7,750. Exhibit L

32.) Plaintiffs' loss incurred on the property in question the difference between the $41,000 paid by the Plaintiffs for 1310 Wells Station Road, in May 2008 and the amount that Plaintiffs were forced to sell this property for in January 2016 for the reduced of only $26,500. This capital loss of $14,500 was due directly to the failure, refusal, and neglect of the Defendant to honor their Home Owners Policy Number H32-258-402794-70 and to reimburse Plaintiffs for the extensive damage occasioned by the fire which occurred on August 30, 2015. $14,500. Exhibit M

33.) The Plaintiffs direct loss in the amount of $15, 277.00 paid by them to contractor for only the *partial* repairs to the fire damage in order to place the property upon the real estate market for the reduced value of $26,500. $15, 977. Exhibit N

34.) The Plaintiff, Leigh Ann Robinson, suffered mental anguish and distress as a result of the numerous telephone calls to her Alabama employment location in which she was subjected to bullying, unwarranted accusations, and insults directed to her by one Bruce Harrod acting on the behalf of the Defendant, Liberty Mutual Insurance Company. Defendant also did direct calls to Plaintiff, Leigh Ann Robinson's employer in Orange Beach, Alabama, in an attempt to embarrass, to harass and to further humiliate this Plaintiff. $10,000.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAYS AS FOLLOWS:**

1. That a summons be issued from this Honorable Court requiring the Defendant to answer the complaint lodged against this company in the time as required by law.

2. That the Plaintiffs be awarded compensatory damages in an amount not to exceed $110,000 to compensate them for the following:

a. Loss incurred to structure of the residence, $70,000

b. Loss incurred to the contents of the residence, $21,000.

c. Grant of the return of all the premiums paid by the Plaintiffs to the Defendant from the policy period of June 2008 to September 2015. in the amount of $7,550.

d. To Plaintiff, Leigh Ann Robinson, to an award of $10,000 to compensate her for the unwarranted distress inflicted upon her by the Defendant's employee, Bruce Harrod, including numerous harassing telephone calls accusing her of some arson conspiracy and other such intimidation to induce her to withdraw her claim under her home owners policy with the Defendant. This award is petitioned for in the amount of $10,000 or for whatever amount this Honorable Court or the jury trying this case deems to be fair and proper.

3. That the Plaintiffs be found entitled to a punitive award not to exceed $100,000 to punish the Defendant for the willful and intentional disregard of the welfare of his clients, these Plaintiffs, by not providing the protection and the coverage that the Plaintiffs contracted for, and for which the Plaintiffs had been faithfully paying for a period of seven years. And whereas the Defendant does daily and constantly advertise and solicit for clients throughout this nation such an award may serve to protect and to prevent other insured clients of this Defendant from likewise suffering and receiving such dismissive and fraudulent treatment in the event of

having to file a loss claim with the Liberty Mutual Fire Insurance Company.

4. That a jury be impaneled to consider and determine the Plaintiffs' claim.

5. That the cost of this cause be taxed against the Defendant.

6. That the Plaintiffs be awarded any further general and equitable relief to which they may be found to be entitled.

Respectfully submitted,

upon this 24th day of June 2016.

Leigh Ann Robinson
Plaintiff, pro se
1419 Tree Haven Cove
Cordova, Tennessee 38016
(901) 378-2225

Gwynne H. Borders
Plaintiff, pro se
1419 Tree Haven Cove
Cordova, Tennessee 38016
(901) 217-3429

Loren C. Borders
Plaintiff, pro se
1419 Tree Haven Cove
Cordova, Tennessee38016
(901) 217-3429

**CERTIFICATE OF SERVICE**

This is to certify that a true and exact copy has been placed in the U.S. Mail, postage paid, and addressed to C. S. C., 2908 Poston Avenue, Nashville, Tennessee 37203 on this 24th day of June 2016.

Leigh Ann Robinson,
Plaintiff, pro se
1419 Tree Haven Cove
Cordova, Tennessee 38016

Gwynne H. Borders,
Plaintiff, pro se
1419 Tree Haven Cove
Cordova, Tennessee 38016

Loren C. Borders,
Plaintiff, pro se
1419 Tree Haven Cove
Cordova, Tennessee 38016